IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA M. EYAJAN, | ) | |
| | ) | |
| Appellant, | ) | Case No. 1:22-cv-38 |
| v. | ) | |
| | ) | Bankruptcy Case No. 21-10243 |
| CHAPTER 7 TRUSTEE | ) | |
| JOSEPH B. SPERO, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM ORDER

This civil action was commenced by Sheila M. Eyajan ("Eyajan") as an appeal from an

Order issued on January 20, 2022 by the United States Bankruptcy Court for the Western District

of Pennsylvania ("Bankruptcy Court") in Bankruptcy Case No. 21-10243. *See* ECF No. 1 at 2.

Eyajan, a Chapter 7 debtor in the underlying bankruptcy case, filed a motion to convert her

Chapter 7 case to a Chapter 13 case ("Motion to Convert"). *See In re Sheila Marie Eyajan*, Case

No. 21-10243 (Bankr. W.D. Pa.), ECF No. 116.  At the time Eyajan filed her Motion to Convert,

she had a separate appeal pending before this Court in Civil Action No. 1:21-cv-318.  Given that

fact, the Bankruptcy Court took the Motion to Convert under advisement pending this Court's

resolution of Eyajan's appeal in Civil Action No. 1:21-cv-318.  Insofar as Eyajan had submitted

a patently deficient Chapter 13 plan in support of her Motion to Convert, the Bankruptcy Court

dismissed the plan without prejudice, noting that Eyajan "would be free to file another plan if

and when the case is ever converted to Chapter 13." ECF No. 1 at 5.

Several deficiencies in the instant appeal require its dismissal.  First, despite having been

advised to pay the requisite filing fees prescribed by 28 U.S.C. §1930(b) and (c), Eyajan has not

done so.  *See* ECF No. 2-1 at 16 and ECF No. 3.  In addition, Eyajan failed to designate the

1

contents of the appellate record and failed to file a statement of issues on appeal in compliance

with Bankruptcy Rule 8009, despite the admonition of the Clerk of the Bankruptcy Court that

Eyajan's failure to comply with these requirements could result in the dismissal of her appeal.

*See* ECF No. 2-1 at 18, ECF No. 3, ECF No. 3-1 at 2.  More fundamentally, Eyajan has appealed

what appears to be an interlocutory order of the Bankruptcy Court.  Pursuant to 28 U.S.C.

§158(a)(3), district courts have jurisdiction to hear appeals from interlocutory orders and decrees

"with leave of court," which was not sought here.  In fact, Eyajan made no effort whatsoever to

demonstrate that leave would be appropriate in this case; she has not argued, much less shown,

that, *e.g.*, the order at issue (1) involves a controlling question of law upon which there is (2)

substantial ground for difference of opinion as to its correctness, and (3) if appealed

immediately, may materially advance the ultimate termination of the litigation.  *See In re JRV*

*Grp. USA L.P.*, No. 19-11095 (KBO), 2022 WL 3646288, at *3-4 (D. Del. Aug. 24, 2022) (court

observing that, when deciding whether to accept an interlocutory appeal, district courts

"[t]ypically . . . follow the standards set forth under 28 U.S.C. §1292(b), which govern

interlocutory appeals from a district court to a court of appeals").  Here, consideration of the

relevant factors does not counsel in favor of granting Eyajan leave to appeal the Bankruptcy

Court's January 20, 2022 Order.  In any event, however, Eyajan's current appeal has seemingly

been rendered moot by the dismissal of her previous appeal in Civil Action No. 1:21-cv-318.  To

reiterate, the pendency of Eyajan's appeal in Civil Action No. 1:21-cv-318 is what caused the

Bankruptcy Court to stay its decision on Eyajan's Motion to Convert.  It follows that the

termination of Civil Action No. 1:21-cv-318 now frees the Bankruptcy Court to rule upon

Eyajan's Motion to Convert, rendering her present appeal from the Bankruptcy Court's stay

moot.

NOW, this 18th day of October, 2022, based upon the foregoing reasons,

IT IS ORDERED that the within civil action and appeal from the Bankruptcy Court's

Order of January 20, 2022 shall be, and hereby is, DISMISSED.

There being no further matters pending before the Court in the within civil action, the

Clerk is directed to mark this case CLOSED.

Susan Paradise Baxter
United States District Judge